958

## (November 1, 1966)

■ MAURICE FLAM, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38524.) — REYNOLDS, J. In our decision of April 29, 1966 (25 A D 2d 793) we modified an award of the Court of Claims by eliminating, on authority of *Brand* v. *State of New York* (21 A D 2d 727), any award for consequential damages on the ground that benefits to the property as the result of the improvement outweighed any consequential damages sustained. Claimant thereafter made a timely motion for reargument on the question of the extent of such benefits which was granted. On reargument claimant asserts that the remaining property had no access to the Sunrise Highway extension, a limited, or non-access highway, and therefore received no substantial benefit from the construction. This contention is supported by the appropriation maps submitted to us on reargument and accordingly our decision of April 29, 1966 is amended so as to affirm the original award of the Court of Claims in its entirety. Order entered May 3, 1966 vacated and decision of April 29, 1966 amended so as to provide that the judgment appealed from be affirmed, with costs. Gibson, P. J., Herlihy and Aulisi, JJ., concur; Taylor, J., not voting.

■ In the Matter of the Claim of FERNANDO BONAFOUX, Respondent, v. CENTRAL MANAGEMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which made an award of disability benefits upon a finding of accidental injury. The sole question is whether the respondent sustained an accidental injury on October 19, 1962 arising in and out of the course of his employment. Respondent was employed as a plasterer and, on October 19, 1962, while engaged in carrying 100-pound bags of cement and cement blocks from a cellar to the street, mixing cement, carrying buckets of wet cement, and laying blocks he felt pain in his right leg which continued up to his groin. He finished his day's work and was thereafter totally disabled. On October 30, 1961, respondent sustained a compensable accidental injury to his right ankle and compensation was awarded for a causally related disability for the period from November 1, 1961 to November 27, 1961 and the case was closed on the finding that the ankle had reached the condition of *status quo ante*. The respondent testified that, while he was working on October 19, 1962, the pain in the ankle started and continued up his groin so that he had to stop his work. The board found that the work activities on October 19, 1962 were strenuous, and constituted sufficient exertion to bring about aggravation of the quiescent thrombophlebitis and lymphangitis resulting in aggravation of his underlying condition. The aggravation found by the board, with no substantial evidence of a second accident, would seem clearly to point to the accident of 1961 as causative of the present disability for which the award was made. Decision reversed, and matter remitted for further proceedings, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.